IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

R&R MEDIA GROUP, LLC,

Plaintiff,

v.

PEGGY LAURITSEN,

Defendant.

OPINION and ORDER

24-cv-856-jdp

---

Plaintiff R&R Media Group, LLC purchased a company, Peggy Lauritsen Design Group (PLDG) from defendant Peggy Lauritsen pursuant to a stock purchase agreement. R&R Media later sued Lauritsen for breach of contract and fraudulent inducement, alleging that Lauritsen manipulated financial data and failed to disclose material information about the company. After a bench trial, the court entered judgment for Lauritsen on all claims. Dkt. 124.

R&R Media now moves to clarify findings of fact under Federal Rule of Civil Procedure 52(b), Dkt. 134, and to alter or amend the judgment under Federal Rule of Civil Procedure 59, Dkt. 135.

Rule 52 requires trial courts to separately make findings of fact and conclusions of law in cases tried without a jury. The court may set forth its findings of fact and conclusions of law in a written opinion, or it may state them orally on the record after the close of evidence. Fed. R. Civ. P. 52(a)(1). The purpose of Rule 52 is to ensure clarity about the basis for the trial court's decision and to allow for meaningful review by appellate courts. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2571 (3d ed. April 2026 update). If a party believes that the findings of fact made by the trial court are not sufficient, it can move under Rule 52(b) for the court to amend its findings of fact or to make additional findings of fact.

R&R Media moves under Rule 52(b) for the court to amend its findings of fact for essentially every issue in the case. For the most part, R&R Media's motion amounts to a request for the court to reweigh the evidence. For each issue in the case, R&R Media has identified evidence in the record that it believes contradicts the court's factual findings, and it asks the court to explain how it considered that evidence and to amend its findings and the judgment accordingly. But "Rule 52(b) is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case; instead, the recognized grounds for such a motion include manifest error of fact or law by the trial court, newly discovered evidence, or a change in the law." *Sybron Transition Corp. v. Security Ins. Co. of Hartford*, 158 F.Supp.2d 906, 908 (E.D. Wis. 2000). The court's oral ruling, Dkt. 127, adequately explained the factual findings on which its decision was based. The court need not discuss every piece of evidence in the case. *Oye v. Hartford Life and Accident Ins. Co.*, 140 F.4th 833, 838 (7th Cir. 2025). The court sees no reason to add to or amend the findings of fact.

Three issues merit further discussion. First, the court found at trial that no PLDG client had requested refunds for unused prebills, nor had the IRS demanded tax payments from PLDG for gifts that Peggy Lauritsen made to PLDG employees after the sale. In its Rule 52(b) motion, R&R Media asks the court to clarify whether the parties' stock purchase agreement would allow for indemnification if either of those events happened in the future. But the court cannot decide that issue now, because it isn't ripe. Any ruling about potential future claims that R&R Media might have against Lauritsen would be a purely advisory opinion. *See Socha v. Pollard*, 621 F.3d 667, 670 (7th Cir. 2010).

Second, R&R Media asks the court to clarify its conclusion that the failure to disclose the June 14, 2023, email from Nikki Cron did not meet the relevant standard for fraudulent

inducement. Under Delaware law, a party can commit fraudulent inducement by making an overt misrepresentation, but also by "deliberate concealment of material facts, or by silence in the face of a duty to speak. Thus, one is equally culpable of fraud who by omission fails to reveal that which it is his duty to disclose in order to prevent statements actually made from being misleading." *Stephenson v. Capano Development, Inc.*, 462 A.2d 1069, 1074 (Del. 1983). R&R Media reads *Stephenson* to mean that an omission can be actionable under two circumstances: (1) if a party omits a material fact; or (2) if disclosure is necessary to prevent statements actually made from being misleading. R&R Media asserts that the court made factual findings on the second circumstance, *see* Dkt. 127, at 10, but that it didn't decide whether the Nikki Cron email was a material fact.

Its not clear that R&R Media's reading of *Stephenson* is correct, because that reading would impose a freestanding duty on parties in business transactions to disclose all material information, which Delaware courts have generally rejected. *See Lock v. Schreppler*, 426 A.2d 856, 862 (Del. Super. 1981) ("Although there is no general duty to speak, nevertheless, if a person undertakes to speak, he then has a duty to make a full and fair disclosure as to the matters about which he assumes to speak."). But the court need not decide that issue, because even assuming that R&R Media's reading of *Stephenson* is correct, the court already found that the Nikki Cron email "wasn't a material event" because it was a "gracious way of providing feedback" to PLDG, not a risk to the business relationship between PLDG and UnitedHealth Group. Dkt. 127, at 6–7. No additional findings of fact are needed on the materiality issue.

Third, R&R Media asks the court to reconsider its decision that section 3.21 of the stock purchase agreement did not cover Lauritsen's deletion of her emails. R&R Media argues that section 3.21 prohibited the destruction of company "books and records," which under

Delaware law, presumptively includes emails. Dkt. 134, at 18 (citing *Great Hill Eq. Partners IV, LP v. SIG Growth Eq. Fund I, LLLP*, 80 A.3d 155, 160–62 (Del. Ch. 2013)). But as it did at trial, R&R Media leaves out a critical portion of § 3.21. Section 3.21 does not concern all the "books and records" of the company, it only concerns the "minute books and share record and transfer books." Dkt. 57, at 36. Those are two discrete categories of records, which do not include emails.

R&R Media has not shown that amended factual findings are necessary or that the judgment should be amended. Both motions will be denied. The court's original ruling stands.

ORDER

IT IS ORDERED that:

1. Plaintiff R&R Media's motion to amend the factual findings, Dkt. 134, is DENIED.
2. Plaintiff's motion to amend the judgment, Dkt. 135, is DENIED.

Entered August 14, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge