**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

R & R MEDIA GROUP, LLC
113 N Iowa Street
Dodgeville, WI 53533,

Plaintiff,

v.

PEGGY LAURITSEN
3369 Oakgreen Avenue North
Stillwater, MN 55082,

Defendant.

Case No. 24-cv-00856

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS**

---

On July 31, 2026, Defendant Peggy Lauritsen ("Ms. Lauritsen") filed a Bill of Costs with supporting documents. (ECF No. 128-129.) On August 12, 2026, Plaintiff R & R Media Group, LLC ("R&R") filed an objection to one claimed cost: $663 for the transcription of an audio file. (ECF No. 133.) R&R asserts that the transcription costs are not taxable, arguing that the transcript was not "necessarily obtained for use in the case," "was never used at trial," and "was identified for use at trial with a witness who as not called at trial." (Id.) While it is true that the transcript was not offered as evidence at trial, the transcript was still "necessarily obtained for use in the case" and is therefore properly taxable.

Section 1920 requires that transcripts be "necessarily obtained for use in the case" in order to be taxable. 28 U.S.C. § 1920(2). However, the Seventh Circuit has made clear that "the introduction of testimony from a transcript is not a prerequisite for finding that it



4806082.v1

was necessary." Majeske v. City of Chicago, 218 F.3d 816, 825 (7th Cir. 2000); see also Gaines v. Dart, No. 21 CV 5192, 2024 WL 6874013, at *3 (N.D. Ill. Sept. 23, 2024) ("The question is whether the party obtained the transcripts 'for use,' not whether the party *actually used* them.").

Here, the at-issue transcript was of an audio recording taken during a discussion between the parties that occurred prior to closing. (Trial Exs. 685 & 686.) The transcription of the audio file was made on December 4, 2025—approximately seven months before trial, in the middle of discovery, and before any depositions were taken (including the Rule 30(b)(6) deposition of R&R). (See ECF No. 77.) The transcript of this call was particularly relevant because it evidenced a pre-closing conversation between Sarah Rahn and Peggy Lauritsen (and others) regarding the issue of the employee gifts and Ms. Rahn's pre-closing knowledge of the same. (Trial Ex. 686 at 13:6-15 ("I also shared that I'm giving the team $200,000 of profit sharing as the – as the deal comes to a close to benefit you.").)

In its Complaint, R&R alleged that multiple "employees" were "paid massive bonuses in connection with the sale that were not disclosed." (Compl. ¶ 97.) Likewise, in discovery, R&R responded to interrogatories that undisclosed gifts were allegedly made to multiple employees. (ECF No. 102-6 at 11 & 20 (stating that Ms. Clarke "and possibly others" were paid undisclosed gifts); id. at 38 (when asked to describe "how and when Ms. Rahn learned that Defendant was going to pay, or had paid, alleged 'secret bonuses' to PLDG employees," answering that "Ms. Rahn learned about the secret bonuses after recovering email communications….").

Ultimately, the recording and the transcript were not used at trial because Ms. Rahn testified at trial that she was aware of all the employee gifts except for the ones provided to Ms. Amy Clarke. (ECF No. 137 at 125:3-128:25, 235:22-236:4.) But given the allegations made by R&R previously, Ms. Lauritsen needed to be prepared to impeach Ms. Rahn to show that she was aware of most of the employee gifts, in the event she testified to the contrary at either the Rule 30(b)(6) deposition of R&R or at trial.

As such, the transcript of the audio recording was "necessarily obtained for use in the case" and is therefore appropriately taxable.

## CONCLUSION

For the foregoing reasons, Peggy Lauritsen respectfully requests that the Court grant her Bill of Costs in its entirety.

Dated: August 18, 2026

**FELHABER LARSON**

By: */s/ Brandon J. Wheeler*
Brandon J. Wheeler, MN #396336
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
Telephone: (612) 339-6321
Facsimile: (612) 338-0535
bwheeler@felhaber.com

**ATTORNEYS FOR DEFENDANT**